UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

LARRY LOHAN,

       Plaintiff

v.                         Civil Action No. 2:09-613

AMERICAN EXPRESS COMPANY,
a New York Corporation;
and G&C SERVICES, a Missouri
Limited Liability Company,

       Defendants

<u>MEMORANDUM OPINION AND ORDER</u>

       Pending is the plaintiff's motion to remand, filed July 1, 2009. Also pending is defendant G&C Services's motion to withdraw notice of removal and to remand action, filed July 15, 2009.

I.

       This action, filed on January 20, 2009 in the Circuit Court of Kanawha County, arises from the defendants' debt collection efforts against the plaintiff. The plaintiff seeks recovery against the defendants for multiple alleged violations of the West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-2-101, <u>et</u> <u>seq.</u> Defendant G&C Services

removed on the basis of diversity jurisdiction on June 5, 2009,
with the consent of defendant American Express Company.  As
noted, the plaintiff moved for remand on July 1, 2009.  Neither
defendant has responded in opposition to the plaintiff's motion
to remand, and the time for doing so has expired.  Rather, G&C
Services's responded with its motion to withdraw its notice of
removal and to remand action.

      According to the complaint, the plaintiff is an
American Express customer and cardholder with two credit cards.
(Compl. ¶ 7).  The plaintiff developed an arrearage on both of
the credit cards and sought the assistance of counsel in order to
attempt to negotiate a compromise of his indebtedness to American
Express.  (Id. at ¶ 9).  On November 12, 2008, plaintiff's
counsel notified American Express by telephone and by letter that
the plaintiff was represented by counsel and wished to make a
written offer of compromise.  (Id. at ¶ 10).

      Despite counsel's communications with American Express
regarding debt settlement, a representative of American Express
contacted the plaintiff directly on December 28, 2008, in a debt
collection effort.  (Id. at ¶ 15).  Later on the same day,
plaintiff's counsel contacted the American Express representative
and advised her that all communications regarding the plaintiff

should be made through plaintiff's counsel and that the plaintiff should not be contacted directly.  (<u>Id.</u> at ¶ 16).

On December 30, 2008, the plaintiff received a call from G&C Services, advising that they had taken over the collection efforts on one of the plaintiff's American Express credit cards.  (<u>Id.</u> at ¶ 17).  The G&C representative was abrasive, abusive and made threatening comments to the plaintiff. (<u>Id.</u> at ¶ 18).

On January 12, 2009, American Express again directly contacted the plaintiff in a debt collection effort.  (<u>Id.</u> at ¶ 21).  On January 15 and 16, 2009, the plaintiff was directly contacted by two separate attorneys representing American Express with respect to one of the plaintiff's credit cards.  (<u>Id.</u> at ¶ 22).  The plaintiff alleges that he and his counsel have repeatedly advised American Express that he is represented by legal counsel regarding his obligations arising under the two credit cards.  (<u>Id.</u> at 23).

In Count I of the complaint, titled "West Virginia Consumer Credit and Protection Act" and "Unconscionability - American Express," the plaintiff asserts that on at least four occasions, American Express has made abusive and oppressive

contact with the plaintiff with the intent to annoy and harass in violation of West Virginia Code §§ 46A-2-121, 124, 125, and 127.

In Count II, titled "West Virginia Consumer Credit and Protection Act" and "Contacting a Represented Party - American Express," the plaintiff alleges that on at least six occasions, American Express knowingly contacted the plaintiff in an attempt to collect a debt after being expressly informed by telephone and letter that the plaintiff was represented by counsel with respect to the debt in violation of West Virginia Code § 46A-2-128(e).

In Count III, titled "West Virginia Consumer Credit and Protection Act" and "Unconscionability - G&C Services," the plaintiff contends that on at least one occasion, G&C Services made abusive and oppressive contact with the plaintiff with the intent to annoy and harass in violation of West Virginia Code §§ 46A-2-121, 124, 125, and 127.

In Count IV, titled "West Virginia Consumer Credit and Protection Act" and "Contacting a Represented Party - G&C Services," the plaintiff asserts that G&C Services, as an assignee of an American Express collection account, is charged with all knowledge of the account possessed by American Express at the time of the assignment, which would include knowledge that

4

the plaintiff was represented by counsel at the time of the assignment.  The plaintiff alleges that on at least one occasion, G&C Services violated West Virginia Code § 46A-2-128(e) by knowingly contacting the plaintiff in an attempt to collect a debt after plaintiff's counsel had given notice that the plaintiff was represented by counsel with respect to such debt.

In Count V, titled "Intentional Infliction of Emotional Distress, the plaintiff contends that the defendants' collective conduct was abusive, intolerable and so extreme as to exceed the bounds of decency and thus constitutes the tort of intentional infliction of emotional distress under West Virginia law.  The plaintiff further states that as a direct and proximate result of the defendants' actions, he has suffered severe and intense emotional distress, loss of sleep, severe anxiety and additional physical manifestations.

The plaintiff seeks any applicable civil penalties available under the West Virginia Consumer Credit and Protection Act, "judgment . . . for intentional infliction of emotional distress," reasonable attorney's fees, and "such other and further relief as the Court may deem just."

II.

The court is vested with original jurisdiction of all actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The statute establishing diversity jurisdiction is to be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Healy v. Ratta, 292 U.S. 263, 270 (1934); Schlumberger Indus., Inc. v. Nat'l Surety Corp., 36 F.3d 1274, 1284 (4th Cir. 1994). The party seeking removal bears the burden of establishing federal jurisdiction, and if challenged, also bears the burden of proving that federal jurisdiction was properly invoked. Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir. 1994).

In a case that is filed initially in federal court, a district court has original jurisdiction if the requisite diversity of citizenship exists unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). However, the "legal certainty" test applies only in instances in which a plaintiff invokes federal jurisdiction by filing a case in federal court. Landmark

6

<u>Corp. v. Apogee Coal Co.</u>, 945 F. Supp. 932, 935 (S.D. W. Va. 1996).  A different test applies "in removal situations . . . in which the plaintiff has made an unspecified demand for damages in state court."  <u>Id.</u>  A defendant who removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount of $75,000. <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F.3d 1353, 1357 (11th Cir. 1996); <u>De Aguilar v. Boeing Co.</u>, 11 F.3d 55, 58 (5th Cir. 1993) and <u>De Aguilar v. Boeing Co.</u>, 47 F.3d 1404 (5th Cir. 1995); <u>Gafford v. Gen. Elec. Co.</u>, 997 F.2d 150, 158 (6th Cir. 1993); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 567 (9th Cir. 1992); <u>Sayre v. Potts</u>, 32 F. Supp. 2d 881, 885 (S.D. W. Va. 1999); <u>Landmark Corp.</u>, 945 F. Supp. at 935.  With that being said, a court must consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied.  <u>Weddington v. Ford Motor Credit Co.</u>, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999); <u>Mullins v. Harry's Mobile Home, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994).

        According to the notice of removal, the plaintiff is a resident of West Virginia, American Express is a New York

corporation with its principal place of business in New York, and G&C Services is a Delaware limited partnership with its principal place of business in Texas, where its corporate officers are also located.  (Notice of Removal ¶¶ 5-7).  The parties do not dispute that they are diverse.  Rather, the plaintiff seeks remand on the ground that the amount in controversy requirement is not satisfied.

G&C Services asserts that the amount in controversy is $79,516.51 plus damages for emotional distress and attorneys' fees.  (Notice of Removal ¶¶ 13-16).  This calculation is based upon the plaintiff's total arrearages owed to American Express and the statutory penalties available to the plaintiff for each violation of the West Virginia Consumer Credit and Protection Act.  According to G&C Services, the plaintiff's total arrearages owed to American Express equal $36,516.51.  (Id. at ¶ 10). Additionally, G&C contends that inasmuch as the plaintiff seeks statutory penalties for at least ten phone calls and the West Virginia Code provides for statutory penalties of $4,300.00 per violation, the plaintiff seeks $43,000.00 in statutory penalties. (Id. at ¶¶ 11-13).

The plaintiff aptly notes in the motion to remand that the complaint does not seek to invalidate his arrearages; rather,

8

the plaintiff seeks only statutory penalties and damages for the defendants' debt collection attempts.  The arrearages, accordingly, should not be counted in the calculation of the amount in controversy.  Moreover, the defendant has not carried its burden of proving that it is more likely than not that the plaintiff's damages for intentional infliction of emotional distress -- a claim here without apparent merit under applicable West Virginia law -- would cause the claims of the plaintiff to be valued in the aggregate above the jurisdictional amount of $75,000.

Finally, attorneys' fees are included in the calculation of the jurisdictional amount for the claims in this case only if they are specifically provided for in the state statute at issue.  See Mo. State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933).  The West Virginia Consumer Credit and Protection Act does not explicitly provide for attorney's fees, and so they should be excluded from the calculation of the jurisdictional amount in controversy.  See Virden v. Altria Group, Inc., 304 F. Supp. 2d 832, 850 (N.D. W. Va. 2004). Remand is proper inasmuch as the minimum amount in controversy does not appear to be satisfied.

III.


Based upon the foregoing, it is ORDERED that the
plaintiff's motion to remand be, and it hereby is, granted and
that G&C Services's motion to withdraw its notice of removal be,
and it hereby is, denied as moot.  It is further ORDERED that
this action be, and it hereby is, remanded to the Circuit Court
of Kanawha County.


Additionally, the plaintiff has requested that the
court award him his fees and costs incurred in preparing the
motion to remand.  Inasmuch as it appears from G&C Services's
motion to withdraw its notice of removal that the plaintiff and
G&C Services have reached a compromise of plaintiff's claims
against it, the court considers the plaintiff's request for fees
and costs to be moot.  The request is, accordingly, denied.


The Clerk is directed to forward copies of this written
opinion and order to all counsel of record.

DATED:  August 19, 2009

John T. Copenhaver, Jr.
United States District Judge